**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

DERRICK ESTES                                                        CIVIL ACTION

VERSUS                                                               NO. 13-723

L. VARNEDO                                                           SECTION "B" (1)

REPORT AND RECOMMENDATION

Plaintiff, Derrick Estes, a state prisoner, filed this civil action against L. Varnedo, A. Robinson, S. Fontenot, and K. DeCorte.  In this lawsuit, plaintiff challenged the adequacy of the law library and legal assistance available to him at the Nelson Coleman Correctional Center.

Although plaintiff was granted leave to proceed in this matter as a pauper, see Rec. Doc. 3, federal law requires that he pay a partial filing fee and continue to make ongoing payments from his income until the entire fee is paid.  28 U.S.C. § 1915(b).  No payments have yet been received by the Court in this case, and, in light of those requirements, plaintiff states that he would instead prefer simply to dismiss the lawsuit.  To that end, he has filed a "Motion to Dismiss."  Rec. Doc. 5.

Subject to exceptions not applicable in this case, the Federal Rules of Civil Procedure provide that "the plaintiff may dismiss an action without a court order by filing ... a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment ...." Fed.R.Civ.P. 41(a)(1)(A)(i).  When a *pro se* plaintiff seeks dismissal in such a situation, the fact that

he fails to cite that rule or correctly style the notice of dismissal is of no significance.  See Carter

v. United States, 547 F.2d 258, 259 n.2 (5th Cir. 1977).

In this case, the defendants have filed neither an answer nor a motion for summary judgment.

Therefore, plaintiff has an "absolute right" to dismiss his lawsuit.  Id. at 259.  When a plaintiff has

filed a proper notice of dismissal, a court has "no power or discretion to deny [plaintiff's] right to

dismiss or to attach any condition or burden to that right."  Williams v. Ezell, 531 F.2d 1261, 1264

(5th Cir. 1976).

Accordingly, the undersigned recommends that plaintiff's lawsuit be dismissed without

prejudice.  Moreover, in light of his stated concerns, his cooperation in dismissing this lawsuit, and

the fact that few judicial resources have yet been expended at this early stage of the proceeding, the

undersigned further recommends that plaintiff be relieved of the obligation to pay the filing fee.

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's motion to dismiss be **GRANTED** and that

his complaint be **DISMISSED WITHOUT PREJUDICE**.

It is **FURTHER RECOMMENDED** that this Court's previous order directing the Warden

to collect funds from plaintiff's inmate account to pay the filing fee in this matter be **RESCINDED**

and that no further action be taken to collect the filing fee.

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within fourteen (14) days after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from

a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415,

1430 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this fourteenth day of May, 2013.

_____
SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE

---

[1]    Douglass referenced the previously applicable ten-day period for the filing of objections.
Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen
days.